Paul K. Halverson, DrPH, FACHE Director and State Health Officer Arkansas Department of Health
4815 West Markham Street Little Rock, Arkansas 72205-3867
Dear Dr. Halverson:
You have asked for my opinion on whether A.C.A. § 17-26-418 authorizes the Arkansas State Board of Health to "issue a license to" "cosmetological schools being operated by public educational institutions."
RESPONSE
The answer your question is "no," because public schools that operate cosmetology programs are clearly exempt from licensure.[1] When the statute you ask about is read in context, the statute distinguishes public schools that operate cosmetology programs from the teachers of those programs. While the former are exempt from licensure by the Board, the latter must be licensed both as cosmetologists and as instructors of cosmetology, as explained below. Further, while the Board licenses the teachers of these programs and inspects the programs for compliance with the Board's health and safety regulations, it is the State Board of Career Education that must "approve," not license, these public schools.
DISCUSSION
The statute you ask about, section 17-26-418, states: *Page 2 
 (a)(1) All public educational institutions operating cosmetological schools shall comply with the standards and rules promulgated by the State Board of Health.
 (2)(A) However, the responsibility for approval of cosmetological schools in public educational institutions shall be the sole responsibility of the State Board of Career Education.
 (B) In approving a cosmetological school in a public educational institution, the State Board of Career Education shall use the same application process and requirements as the State Board of Health uses for approval of all other cosmetological schools.
 (b) Such schools shall not be required to obtain a license as prescribed in this chapter.
 (c) Each person who successfully completes the courses in cosmetology given in a school under the public school system of this state is eligible for a license under this chapter the same as though he or she had graduated from a licensed private school of cosmetology approved by the State Board of Health. For this purpose, successful completion of courses in cosmetology given in public schools equal to and the equivalent of the courses required to be given in licensed private schools of cosmetology approved by the State Board of Health shall be deemed to be the fulfillment of the requirements of this chapter in regard to completion of courses in licensed schools of cosmetology approved by the State Board of Health.
When this statute is read as part of the wider statutory scheme in which it is situated, [2] it seems clear that the legislature made a distinction between public *Page 3 
schools that operate cosmetology programs, on the one hand, and the teachers of those programs, on the other hand.[3] Clearly, the public schools that operate cosmetology schools are not themselves required to be licensed, as is evident from subsection 17-26-418(b), above. (It is a question of fact whether any particular school or subdivision of a school counts as a "public educational institution.") Accordingly, if a school or subdivision within a school does count as "public," then the school itself is exempt from licensure.
In contrast, the teachers in those programs must be doubly licensed as both cosmetologists and instructors of cosmetology.[4]
In addition to licensing the teachers of these programs, the Board also has some oversight authority pertaining to the health and safety of these programs situated in public educational institutions. This is evident from a review of subsection 17-26-418(a)(1) and several of the attachments you have included in your request. Under that subsection, all "public educational institutions" that operate "cosmetological schools" have to comply with the State Board of Health's "standards and rules." Some of the documents you have attached to your request indicate that, historically, this subsection was interpreted to mean that the Board inspected these programs for compliance with the Board's health and safety regulations. And if a program violated one of these regulations, the teacher — not the school or program — was subject to disciplinary action.
Apart from licensing the teachers of these programs and inspecting the programs' operations, the Board does not have any other statutory obligation toward the programs themselves. Instead, as is evident from subsection 17-26-418(a)(2), the State Board of Career Education is required to "approve" the establishment of "a *Page 4 
cosmetological school in a public educational institution."
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL
Attorney General
[1] It is a question of fact whether any particular school or subdivision of a school counts as a "public educational institution."
[2] See, e.g., McCourt Mfg. Corp. v. Rycroft,2009 Ark. 332, 5, 322 S.W.3d 491, 495 (noting that statutes must be read as a whole).
[3] Arkansas Code Annotated section 17-26-403 establishes the general rule that any "school of cosmetology" must have a license to operate. But "public educational institutions" operating "cosmetological schools" are exempted from this general rule, as per subsection 17-26-418(b). In addition, instructors must have a separate license to teach, as per A.C.A. §§ 17-26-409 to -411. But the instructors of cosmetology programs in public schools do have an exemption that permits them to teach without license.
[4] Please see A.C.A. § 17-26-302 et seq. for the cosmetologist licensing requirements. And see A.C.A. § 17-26-410(a) for the instructor requirements. *Page 1